**UNITED STATES ex rel. HENTSCHELL v. McCANDLESS, Commissioner of Immigration.**

District Court, E. D. Pennsylvania. April 8, 1928.

No. 45.

Aliens ⟨⊜⟩53—Alien "admitted and discharged for permanent residence as returning to his home in the United States" October 22, 1923, held not subject to deportation (Act May 11, 1922 [42 Stat. 540]; Act May 26, 1924 [43 Stat. 153]).

Alien "admitted and discharged for permanent residence as returning to his home in the United States" October 22, 1923, held not subject to deportation, since Act May 11, 1922 (42 Stat. 540), withheld power to deport alien previously admitted, and Act May 26, 1924 (43 Stat. 153), which granted power, is not retroactive.

Habeas Corpus. Proceeding by the United States, on the relation of Kurt Hentschell, against John B. McCandless, Commissioner of Immigration for the Port of Philadelphia. Relator ordered discharged.

Adrian Bonnelly, of Philadelphia, Pa., for relator.

Robert M. Anderson, Asst. U. S. Atty., of Philadelphia, Pa.

DICKINSON, District Judge. We have been favored in this cause with briefs which very clearly and satisfactorily discuss the questions treated. Our sole comment (beyond the above commendation) is that one brief discusses one question; the other, another.

The respondent presents the question as that of whether the immigration authorities may lawfully refuse admission to an intending immigrant who has not complied with the quota laws, and, if so, whether an alien, who had been previously admitted, but had returned to his native country, is exempt from the provisions of these laws on a subsequent application for admission. The relator presents the question to be whether an alien, who had been admitted, and who had incidentally here married a citizen, and had children born in this country, could thereafter be deported under the Act of May 11, 1922 (42 Stat. 540); the provisions of the act of 1924 (43 Stat. 153) not being applicable to his case.

The facts not in controversy are that the relator came to this country in 1914 or 1915, and (we quote from respondent's brief) "was lawfully admitted May, 1915." Relator's brief makes substantially the same statement, except that the date is given as August 9, 1914. The relator as an occupation "followed the water," but during and following the war until May, 1922, worked as a machinist in a shipyard, and because of this was exempted from the draft, if, indeed, he was subject to it. As he was born a subject of the German emperor, employment on a vessel either of a neutral or of the Allies during the war might not have been a "healthful employment," if the vessel had been captured by the Germans. His wartime employment in consequence reflects no discredit upon him. In May, 1922, he resumed his calling and shipped as a sailor. Sailorlike, he went from one voyage to another, and from one ship and one port to another, until October 22, 1923, when he came to the port of New York as a sailor. He was, however, passed by the immigration authorities, and, as one brief expresses it, "was legally admitted and discharged for permanent residence as returning to his home in the United States." He sought and secured re-employment as a machinist, and on June 24, 1925, married an American citizen. There is some show of controversy (but not real dispute) over what he did between voyages from 1922 to 1923. Respondent says that "he spent part of that time in his native country." The relator's version is that he shipped on a vessel bound for Germany and "remained there for a few months." It is, of course, added that he never abandoned the thought of a permanent residence in this country. He was arrested and given a hearing on March 12, 1926, following which an order of deportation was issued.

The facts of the case are thus satisfactorily clear, and the sole question becomes one of the power to deport. We are not concerned with the other question of quota, nor indeed with the other question of whether his admission in 1914 or 1915 (whichever it was) alters his status from that of one admitted in 1923. The latter entry was before the act of 1924 although after that of 1922. We have not access to either of these acts at this writing, but, as counsel are agreed, we may safely accept the statements (1) that the act of 1922 withholds the power to deport an alien previously admitted; and (2) the act of 1924 (which grants the power) is not retroactive. In this state of the law the order of deportation and the warrant of arrest based upon it have no legal support.

Our conclusion is that the relator should be discharged without day and an order to this effect may be submitted.